UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

DOCKET NO. 04-10299-23-PBS

UNITED STATES OF AMERICA

v.

LUIS E. DEJESUS a/k/a/ EDGARDO

**DEFENDANT'S SECOND NOTICE AND MEMORANDUM FOR NON-GUIDELINE SENTENCE**

Luis DeJesus, by his attorney, John W. Laymon states that by his May 3, 2006 objections to the Pre-Sentence Report, he requested a downward departure from the sentencing guidelines. By Addendum to the Pre-Sentence Report, which was received by the undersigned on May 22, 2006, the U.S. Probation Officer added and then denied defendant's objections to the Pre-Sentence Report, including his notice of departure from the Federal Sentencing Guidelines.

This departure was based upon several factors including the fact that the U.S. Probation Department's Criminal History Computation substantially over-represented his criminal history; the impact of the plea agreement; and that the defendant was not a career offender.

**I. Introduction**

Defendant respectfully submits this memorandum in order to assist this Court in fashioning a sentence "sufficient but not greater than necessary" to achieve the statutory purposes of punishment, as required by 18 U.S.C. § 3553(a) in light of U.S. v. Booker, 125 S.Ct. 738 (2005).

The U.S. Supreme Court in Booker allowed district courts to again fashion a sentence tailored to the individual circumstances of the case and the defendant by requiring courts to consider factors other than the sentencing range prescribed by the U.S.

Sentencing Guidelines. Indeed, under 12 U.S.C.§3553(a) courts are required to sentence below the range if such a sentence would be sufficient to achieve the purposes of punishment.

In this case, defendant respectfully requests that the Court consider several important circumstances in fashioning a sentence. First, the defendant's criminal history category substantially over-represents the seriousness of his criminal history. See U.S.S.G. § 4A1.3(b)(1). Second, the defendant has exhibited good character, as set forth in attached letters concerning his character. Third, the defendant had a minor role in the alleged drug conspiracy, which alone does not require a downward departure but taken with other factors should be considered by this Court in fashioning a sufficient but not greater than necessary sentence for defendant. Further, the defendant now faces ruination of his life, as well as deportation to his native country, upon completion of his sentence.

These circumstances alone warrant a sentence substantially below that provided for by the sentencing guidelines. However, this Court has a truly extraordinary opportuinity to fashion a sentence which substantially punishes the defendant, while it also allows the federal government to deport the defendant to his native country quickly.

## II. Historical Background

On February 27, 2006 the defendant, his counsel and the United States agreed to a plea agreement, wherein Mr. DeJesus would plead guilty to one count of the Second Superseding Indictment charging him and others with conspiracy to distribute cocaine. As part of the plea agreement, the defendant and the United States of America further agreed that he was responsible for at least 500 grams of cocaine, but less than two kilograms of cocaine. Therefore, his base offense level would be 26, pursuant to U.S.S.G.§2D1.1(c)(4) and 1B1.3. (See section 3(a) of the plea agreement). On February

27, 2006, after having spent almost three years in custody, the defendant plead guilty to one court of this Indictment.

### III. Post –Booker Sentencing Considerations

As this Court knows, pursuant to the ramifications of U.S. V. Booker, 125 S.Ct. 738 (2005), the sentencing guidelines are no longer binding on this Court, but are only one of five factors to be considered in determining the sentence. Booker, 125 S.Ct. at 764 -65. The other four factors are (1) the nature and circumstances of the offense and history and circumstances of the defendant; (2) the kinds of sentence available; (3) the need to avoid unwarranted sentencing disparity; and (4) the need to provide restitution. Id. 18 U.S.C. § 3553 (a) (1), (a)(3),(a)(6)-(7).

In considering the §3553(a) factors, the sentencing guidelines are to give no more or less weight than any other factor. See U.S. v. Jaber, 362 F.Supp. 2d 365, 370-76 (D.Mass, 2005)(providing compliance analyst of why sentencing guidelines do not reflect statutory purposes of punishment); U.S. v. Ranum, 353 F.Supp. 984, 987 (E.Dist. Wis., 2005).

Perhaps even more important, however, is that Booker, establishes a new, independent limit on the sentence that may be imposed. The primary sentencing mandate of §3553 (a) states that courts must impose the minimally-sufficient sentence to achieve he statutory purposes of punishment justice, deterrence, incapacitation and rehabilitation.

The court shall impose a sentence sufficient but not greater than necessary, to comply with the purposes set forth in [18U.S.C., § 3553(a)(2)]. 18U.S.C. § 2553(a) (emphasis added). This so-called "parsimony provision is not simply a factor to be considered in determining sentence, it represents a cap above which the court is statutorily prohibited from sentencing even when a greater sentence is recommended by the sentencing guidelines. See U.S. v. Demardi, 892 F.2d 269 , 276-77(3rd Cir., 1989).

### IV. The Sentencing Factors as Applied to Defendant

A. The Defendant's Role in the Offense and His Criminal History

As set forth in at U.S.S.G. § 4A1.3(b)(1), a Downward Departure is allowed, "if reliable information indicates that the defendants criminal history category substantially over-represents the seriousness of the defendant's criminal history." In this case, the most reliable information available was generated from DEA agents description of the activities of this defendant and his co-defendants in this alleged drug conspiracy. (See ¶ 9-69 of the Pre-Sentencing Report). As described in the offense conduct, and set forth at ¶70-72 of the Pre-Sentencing Report, law enforcement officers never observed the defendant in possession or distributing any cocaine from this alleged drug conspiracy. The only evidence which the government was going to rely upon at trial was the proffer of a co-defendant, Rogelie Garcia that he had delivered some cocaine to the defendant. There is no further evidence of any illegal activity on the part of this defendant, regarding this Indictment. Although the U.S. Probation Department believes, without any justification that it "has significant concerns regarding the likelihood that the defendant was involved in the distribution of significantly more cocaine," the government does not. This point was further highlighted by the government's failure to object to the defendant's version of the facts.

Where, as here the defendant's minor role in this offense is coupled with U.S. Probation Department's substantially over-represented the seriousness of his prior criminal history, it is evident that a twenty-one year sentence for this defendant is greater than the nature and circumstances of the offense and the history and characteristics of the defendant. Here, the defendant was previously involved in two 1997 incidents, wherein he was with two different woman who had drugs on their person (See ¶s 95&96 of the Pre-Sentence Report). For being in the presence of two women, who had drugs on their

person, the defendant served five years, while these women did not. The remaining conspiracy counts were filed without a change of plea. This is Mr. DeJesus complete criminal record. For this defendant to now serve twenty-one or more additional years would result in his serving a quarter of a century for drug offenses, without ever possessing any drugs.

B. Defendant's Character.

At sentencing , we will present letters, which will shed light on his good character.

Further, whatever sentence this Court imposes on this defendant will eventually result in his being deported. To sentence him to twenty-one years as opposed to five years will not serve the purposes of a fair and just sentence, nor will it allow this defendant to attempt to put his life together in his native country in his forties.

For all of the foregoing reasons, this Court should not sentence this defendant as a Career Offender, but should depart from the federal sentence guidelines, as allowed by the decision in Booker.

Respectfully submitted,
Luis DeJesus
By his attorney


/s/ John W. Laymon
Law Offices of John W. Laymon
77 Franklin Street 3rd Floor
Boston, MA 02109
617-338-0089
BBO#489260
jwlaylaw@verizon.net

<u>Certificate of Service</u>

      I hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on the 22nd day of May, 2006.

                                                                                  <u>/s/ John W. Laymon, Esq.</u>