**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

DOCKET NO. 04-10299-23-PBS

UNITED STATES OF AMERICA

v.

LUIS E. DEJESUS a/k/a/ EDGARDO

### DEFENDANT'S SECOND SENTENCING MEMORANDUM IN SUPPORT OF DOWNWARD DEPARTURE

The defendant, Luis DeJesus, by his attorney, John W. Laymon again respectfully submits sentencing memorandum in order to assist this Honorable Court in fashioning a sentence for this defendant, which would be "sufficient but not greater than necessary" to achieve the statutory purposes of punishment, as required by 18 U.S.C. § 3553(a), in light of U.S. v. Booker, 125 S.Ct. 738 (2005).

As a follow up to defendant's first sentencing memorandum of May 22, 2006, Mr. DeJesus asserts that on May 25, 2006, he plead guilty to Count One of this Indictment. Specifically, he admitted that he possessed at least 500 grams of cocaine, but not more than two kilograms. (See page 19 of the transcribed record of the sentencing hearing and page 2, section 3(a) of the defendant's plea agreement). Since the defendant plead guilty to possession of only 500 grams of cocaine, in violation of 21 U.S.C. § 841(b)(1)(5 year mandatory minimum, 40 years statutory maximum), and this Court determines that the conviction of this drug offense qualifies the defendant as a career offender under U.S.S.G. § 4B1.1(a), the otherwise applicable guideline range including a reduction of three levels for acceptance of responsibility and a criminal history of VI, would result in a sentencing range of 188-235 months. Further, this Court may depart, pursuant to

U.S.S.G. § 3B.2, since the defendant was a minimal participant[1] in the alleged drug conspiracy, or at the worst a minor participant.[2] Where, as here, the defendant was never observed either possessing cocaine or distributing cocaine, nor was he observed in the presence of any of the co-defendants, except Mr. Rosales, it is evident that he was a minimal participant. With this downward adjustment of four levels, and a Criminal History Category of VI, the defendant's sentencing range would be 130-162 months.

In the alternative, the Government is reconsidering a 11(c)(1) agreement, which would result in a sentencing range of 140-188, with the defendant being agreeable to the 140 months.

For all of the foregoing reasons, and in light of the U.S. Supreme Court's decision in Booker, this Court would be justified in sentencing this defendant to 140 months or less. Further, although some of the facts described in U.S. v. Jaime Torres, 382 F.3d 76 (1st Cir. 2004) are similar to the instant case, this undersigned's representation of Mr. DeJesus was clearly not deficient. The undersigned explained the evidence to this defendant and never misled him as to a potential sentence in this case.

Respectfully submitted,
Luis DeJesus
By his attorney


/s/ John W. Laymon
Law Offices of John W. Laymon
77 Franklin Street 3rd Floor
Boston, MA 02109
617-338-0089
BBO#489260
jwlaylaw@verizon.net

---

[1] Under U.S.S.G. § 4 (Commentary) Minimal participant in the concerted activity is defined as follows "…It is intended to cover defendants who are plainly among the least culpable of those involved in the conduct of a group. Under this provision, the defendnatn's lack of knowledge or understanding of the scope and structure of the enterprise and the activities of others is indicative of a role as minimal participant."

[2] Under U.S.S.G. § 4 (Commentary) Minor participant is defined as "one who is less culpable than most other participants, but whose role could not be described as minimal."

<u>Certificate of Service</u>

      I hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on the 20th day of June, 2006.

                                              /s/ John W. Laymon, Esq.