UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| | ) | CRIMINAL ACTION |
| v. | ) | |
| | ) | NO. 04-10299-PBS |
| LUIS DEJESUS | ) | |
| a.k.a. "Edgardo" | ) | |

UNITED STATES' STATUS REPORT REGARDING SENTENCING

The United States respectfully submits this status report regarding the sentencing currently scheduled for Friday, June 23, 2006 for defendant LUIS DEJESUS.  The government has presented defendant with a plea agreement pursuant to Fed.R. Crim. P. 11(c)(1)(c) which sets forth an agreed upon sentencing range of 140 to 188 months under the Sentencing Guidelines.  If accepted by the Court, under the new plea agreement, the government and defendant have made the following agreements:

(1)  Defendant's base offense level is 26 based on a drug quantity of at least 500 grams but less than two kilograms of cocaine.

(2)  Defendant is a career offender under Section 4B1.1, resulting in an offense level of 37 and a criminal history category of 6.

(3)  Defendant should receive a three-level reduction for acceptance of responsibility, resulting in a level 34, criminal history category 6.

(4)  Pursuant to Fed. R. Crim. P. 11(c)(1)(c), the government and defendant agree that defendant should be sentenced

1

within a range of 151 to 188 months.  As further described below, this range was arrived at in the following manner:

The career offender provision, U.S.S.G. §4B1.1, is driven by the statutory maximum, which in this case is life.  The statutory maximum, in turn, is driven by the amount of drugs alleged in the indictment and either proven or admitted.  In this case, the agreed upon sentencing range was arrived at by presuming that weight allegation was removed from the indictment.  By removing the drug weight allegation, the maximum statutory penalty under Section 841(c) is twenty (20) years.  As a result, under §4A1.1, instead of an offense level 37, the offense level is reduced to level 32, but still at criminal history category 6.  After a three level reduction for acceptance of responsibility, defendant's sentencing range will be 151 to 188 months.

Under the agreement, defendant will move for downward departure under Section 4A1.3(b) on the basis that Category 6 substantially over-represents defendant's criminal history, resulting a reduction from Category 6 to Category 5 in the criminal history.  If granted, the sentencing range will then be 140 to 175 months.  The government reserves the right to oppose this motion for downward departure.

Accordingly, the court will have the discretion to sentence defendant within the range of 140 to 188 months.  Defendant furthermore will agree to not appeal any sentence not over 188

months.  The government reserves the right to argue for the high-end of this Sentencing Guideline Range.

                                  Respectfully submitted,
                                  MICHAEL J. SULLIVAN
                                  United States Attorney

By:      /s/ Neil J. Gallagher, Jr.
           Neil J. Gallagher, Jr.
           Assistant U.S. Attorney
           One Courthouse Way
           Boston, MA

Date: June 22, 2006

## Certificate of Service

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and mailed to all those not participating in ECF.

                                  /s/ Neil J. Gallagher, Jr.
                                  Neil J. Gallagher, Jr.